IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DENNIS MACKLIN                                    PLAINTIFF

v.                              No. 4:11-cv-900-DPM

FMC TRANSPORT, INC.                               DEFENDANT

ORDER

Dennis Macklin brings employment-discrimination claims against FMC
Transport under Title VII and § 1981.  FMC moves to dismiss for failure to
state a claim or to change venue.  Macklin responded to FMC's motion and
moves to amend his complaint.  The Court evaluates Macklin's proposed
amended complaint in light of FMC's motion to dismiss.

1. **Timely Title VII Claims?**  FMC argues first that Macklin's Title VII
claims are untimely.  Upon receiving his right-to-sue letter from the EEOC,
Macklin had ninety days to file his Title VII claims.  42 U.S.C. § 2000e-5(f)(1).
The EEOC mailed him the right-to-sue letter on 28 July 2011.  The ninety-day
deadline passed around the end of October 2011.  Macklin, however, did not
file his complaint until 20 December 2011, nearly two months after the
deadline.

Macklin offers no excuse for his late filing.   Instead, he cites 20 September 2011 as the date the EEOC issued his right-to-sue letter.  Macklin, however, is mistaken.  The Missouri Commission on Human Rights, not the EEOC, issued its right-to-sue letter on that date.  The MCHR's letter gave Macklin the right to bring an action within ninety days "in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred." *Document No. 4-2.* The MCHR letter established Macklin's right to sue in state court under the Missouri Human Rights Act.  This was a separate matter from the EEOC's earlier letter giving Macklin the right to sue under Title VII.  The Court sees no reason to apply equitable tolling principles here.  *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004).  Macklin's Title VII claims are thus time barred.  *Williams*, 383 F.3d at 790–91.  FMC's motion to dismiss Macklin's Title VII claims is therefore granted.

**2. Failure to State a § 1981 Claim?** FMC argues next that Macklin failed to plead sufficient facts to state a § 1981 claim.  The Court agrees with FMC that Macklin's complaint was somewhat thin.   But Macklin's proposed amended complaint remedies this problem.  The amended complaint crosses *Iqbal's* plausibility threshold.   *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct.

1937, 1949 (2009). The Court grants Macklin's motion to amend his complaint subject to its earlier ruling that his Title VII claims are time barred. FED. R. CIV. P. 15(a)(2). Macklin must file his amended complaint by 16 April 2012. FMC's motion to dismiss Macklin's § 1981 claim is denied.

**3. Venue Change?** FMC also argues that the Court should transfer this case to the Western District of Missouri, Southern Division. FMC is located there, and it claims that all the events and actions forming the basis of Macklin's complaint occurred there. But Macklin points to several reasons to keep the case in the Eastern District of Arkansas. For example, Macklin lives in Arkansas and was an Arkansas resident when he entered into the lease agreement with FMC; Macklin's truck is registered in Arkansas; the wreck, which allegedly precipitated Macklin's firing, occurred on an Arkansas highway; the brake work, which Macklin says caused the wreck, was performed in Arkansas; and Macklin's expert witness lives in Arkansas. At this point, FMC has not tipped the scales in favor of transferring this case. 28 U.S.C. § 1404(a). The Court denies FMC's motion to change venue without prejudice.

-3-

\*     \*     \*

Macklin's motion to amend his complaint, *Document No. 8*, granted. FMC's motion to dismiss or to change venue, *Document No. 3*, granted in part and denied in part.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

6 April 2012

-4-