**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DENNIS MACKLIN**                                                                                            **PLAINTIFF**

**v.**                                         **Case No. 4:11-cv-00900-KGB**

**FMC TRANSPORT, INC.**                                                                            **DEFENDANT**

<u>**OPINION AND ORDER**</u>

Before the Court is defendant FMC Transport Inc.'s motion to dismiss (Dkt. No. 36).

Plaintiff Dennis Macklin filed a response (Dkt. No. 38), to which FMC Transport replied (Dkt.

No 42).  For the reasons below, FMC Transport's motion to dismiss is denied.

**I.      Factual And Procedural Background**

On March 31, 2011, Mr. Macklin filed a suit against Grace Trailer Service, LLC, *et al*., in

the Circuit Court of Pulaski County, Arkansas (Dkt. No. 37-1).  FMC Transport contends that

Mr. Macklin, in his prior suit, alleged and sought damages for the destruction of his 1996

Freightliner and his inability to fulfill his contract with FMC Transport due to the accident.

More specifically, Mr. Macklin alleged that he "suffered a lost [sic] of income while he was

unable to operate his freight liner as an independent contractor," that the freight liner "was

completely destroyed from the collision," and that he sustained injuries (Dkt. No. 37-1, at 3-4).

Mr. Macklin settled this prior suit in September 2012, receiving a payment of $87,680 (Dkt. No.

37-2).

Mr. Macklin brings this action against FMC Transport for racial discrimination.

Specifically, Mr. Macklin claims that FMC Transport wrongfully discharged him because of his

race.  Mr. Macklin alleges that, on the date FMC Transport terminated him for excessive points

toward his CDL license, six other Caucasian truckers who held lease agreements with FMC

Transport had more driving points toward their CDL licenses than him.  Further, Mr. Macklin's amended complaint alleges that Caucasian independent lease truck drivers were assigned better driving assignments than African American drivers, were given better driving assignment conditions, and were paid more money (Dkt. No. 30, at 2-3).

FMC Transport argues that the doctrine of judicial estoppel prevents Mr. Macklin from alleging in this action that he had a truck, was able to work, and could have fulfilled his contract with FMC Transport.  This is because, FMC contends, Mr. Macklin's representations in his prior state court action of destruction of his truck, injuries resulting in his inability to work, and inability to fulfill his contract are directly contrary.  FMC Transport submits that, without these facts, Mr. Macklin will be unable to prove a claim of racial discrimination based on wrongful discharge and, accordingly, requests that the Court dismiss his claims.

## II.    Analysis

The purpose of the doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (internal citations and quotation marks omitted).  "Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first."  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993)).  "[A] party that takes a certain position in a legal proceeding, and succeeds in maintaining that position, is prohibited from thereafter assuming a contrary position simply because his interests have changed."  *Id.* (quoting *New Hampshire*, 532 U.S. at 748) (internal quotation marks omitted).

Courts look at three factors to aid a judicial estoppel determination:

First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* (quoting *New Hampshire*, 532 U.S. at 750-51).

Based on the first factor, the Court determines that the doctrine of judicial estoppel does not prevent Mr. Macklin from bringing this action against FMC Transport. Mr. Macklin's position in this action is not "clearly inconsistent" with his earlier position in the state court action. Without a clear inconsistency, the Court cannot apply the doctrine of judicial estoppel. Specifically, Mr. Macklin, in the state court action, alleged the destruction of his truck, injuries resulting in his inability to work, and inability to fulfill his contract at that time. Mr. Macklin's present complaint does not allege that he had a truck, was able to work, and could have fulfilled his contract with FMC Transport. Instead, it alleges that Mr. Macklin was wrongfully discharged based on race. In fact, the complaint claims that FMC Transport's stated reason for terminating Mr. Macklin was excessive points toward his CDL license, not his inability to fulfill his contract.

Even if, as FMC Transport contends, Mr. Macklin is estopped from alleging he had a truck, was able to work, and could have fulfilled his contract with FMC Transport, his claim of wrongful discharge based on race against FMC Transport would not necessarily fail. For example, Mr. Macklin could prevail if he provides evidence that Caucasian truckers who held lease agreements with FMC Transport were not terminated despite having more driving points

toward their CDL licenses and being temporarily unable to fulfill their contracts.  Such a showing might allow the Court to find that FMC Transport's alleged reasons for Mr. Macklin's termination—his allegedly excessive points and inability to fulfill his contract—were instead pretextual justifications for a race-based decision.  *See McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007).

Because Mr. Macklin's position is not "clearly inconsistent" with his earlier position, and because even if judicial estoppel applied Mr. Macklin's claim would not necessarily fail, FMC Transport's motion to dismiss is hereby denied.

SO ORDERED this the 28th day of January, 2014.


KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE